IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 1:14-cr-00070 |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| ANGEL SCHUEG, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Angel Schueg's motion to sever, joined by 13 co-defendants. (Doc. No. 429.) Three co-defendants, Anthony Sistrunk, Tyree Eatmon, and Marc Hernandez, filed separate briefs in support of the motion, requesting relief as to themselves in particular. (Doc. Nos. 441, 446, 465.) For the following reasons, the Court will deny the motion to sever as to all defendants.

### I.   BACKGROUND

On September 17, 2014, a federal grand jury returned a superseding indictment consisting of six counts. (Doc. No. 78.) All of the charges are in connection with the defendants' alleged participation in the Southside street gang in York, Pennsylvania, and with the Bloods street gang that affiliated with the Southside gang. (Id.)

The 34-page indictment describes the characteristics and membership since 2002 of the "Southside Gang," alleged to be a "violent, neighborhood gang" in the city of York, Pennsylvania. (Doc. No 78 ¶ 1 et seq.) The indictment identifies the gang's alleged territory (e.g., id. ¶ 4), outlines the organization's hierarchy (id. ¶¶ 8-14), identifies the gang's alleged purposes (id. ¶ 17), and alleges that the defendants "did knowingly and intentionally conspire" to commit criminal acts (id. ¶ 18). Much of the indictment details specific criminal acts alleged to

1

have been undertaken by the twenty-one original defendants in furtherance of the Southside and Bloods gangs, including shootings, specific instances of drug sales, and fleeing from police. (Id. ¶¶ 24-34.) The indictment also details the feud between the Southside gang and the rival Parkway gang, including specific violent acts that members of the Southside gang allegedly perpetrated against the Parkway gang. (E.g., id. ¶¶ 25-27.)

Counts 1, 2, and 3, charge all twenty-one defendants[1] with a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to distribute cocaine, cocaine base, heroin and marijuana in violation of 21 U.S.C. § 846 (Count 2); and distribution of cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C. §§ 2 and 841(a) (Count 3). Counts 4 through 6 charge four of the twenty-one defendants with firearms offenses. In particular, Count 4 charges Defendant Hernandez with carrying and using a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); Count 5, which arises out of a separate incident than Count 4, charges Defendants Hernandez and Cruz with carrying and using a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and Count 6 charges Defendants Cruz, Hernandez, Kelly, and Villega, with conspiracy to possess firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(o). Every count incorporates all of the allegations in the indictment by reference.

On July 31, 2015, Defendant Angel Schueg filed the present motion to sever. Pursuant to Federal Rules of Criminal Procedure 8(b) and 14, Defendants Schueg, Sistrunk, and Eatmon argue that Counts 1-3 should be severed from Counts 4-6 because these Defendants believe the

---

[1] At present, eight defendants have entered guilty pleas, including Marquis Williams, who had previously filed his own brief in support of this motion. (See Doc. No. 460.)

2

counts charge "separate conspiracies" – one for drugs, and one for firearms – with no "transactional nexus." (Doc. Nos. 430 at 7; 441 at 5-6; 446 at 6.) In addition, while Defendant Sistrunk "concedes that he is properly joined with his co-defendants," (Doc. No. 441 at 4), his co-Defendants Shueg, Eatmon, and Hernandez each seek orders severing them individually from all co-defendants under Federal Rule of Criminal Procedure 14, because they believe that a joint trial will be prejudicial (Doc. Nos. 430 at 9-10; 446 at 8-0; 465 at 5-6).

The Government filed briefs in opposition as to each defendant. In opposition to Defendants' argument that Counts 1-3 should be severed from Counts 4-6, the Government argues that the same evidence that sustains the RICO and other conspiracy charges from Counts 1-3 will also be introduced as to the firearms charges in Counts 4-6, because the firearms activities were in furtherance of the RICO enterprise. (E.g., Doc. No. 486 at 7-9.) According to the Government, "[t]he indictment alleges that all of the participants 'continuously engaged in the distribution of drugs and possession of firearms used for the protection of those drugs,'" so the firearms counts and drug counts form a common "series of acts or transactions." (Id. at 8) (quoting Second Superseding Indictment, Doc. No. 78 ¶ 32). In opposition to Defendants Schueg, Eatmon, and Hernandez's other argument – that they should each be severed from their co-defendants – the Government argues that it will produce evidence of each Defendant's involvement in the broader gang conspiracy, and that "'less drastic measures, such as limiting instructions,'" would suffice to mitigate the risk of confusion and prejudice. (E.g., Doc. No. 486 at 12-14) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

## II. DISCUSSION

### A. Joinder of counts

Defendants Schueg, Sistrunk, and Eatmon have argued that pursuant to Federal Rule of Criminal Procedure 8(b), Counts 1-3 are improperly joined with Counts 4-6. (Doc. Nos. 430 at 5-9; 446 at 4-7.) In addition, co-defendant Sistrunk seeks severance of the counts pursuant to Federal Rule of Criminal Procedure 14 based on alleged prejudice.

Federal Rule of Criminal Procedure 8(b) permits the Government to charge multiple offenses against multiple defendants in a single indictment, so long as the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); see also United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) (applying Rule 8(b) in challenge to indictment charging multiple defendants with multiple counts). When defendants are charged with a RICO violation, seemingly unrelated offenses satisfy Rule 8's "same series of acts or transactions" mandate as long as "the criminal acts charged . . . were charged either as predicates for the racketeering charge, or as acts undertaken in furtherance of a commonly charged RICO enterprise." Irizarry, 341 F.3d at 289-90.

In the present case, the Court finds that joinder of Counts 1-3 with Counts 4-6 is proper under Rule 8(b). The Court's conclusion is largely dictated by the holding of the United States Court of Appeals for the Third Circuit in United States v. Eufrasio, 935 F.2d 553 (3d Cir. 1991). In that case, the panel rejected the argument brought by two RICO defendants that they had been improperly joined with a co-defendant who had been charged alone in a murder conspiracy in alleged furtherance of the RICO enterprise. Irizarry, 341 F.3d at 288-89 (explaining Eufrasio and applying it in the context of joined offenses). The two appealing defendants argued that the introduction of their RICO co-defendant's murder conspiracy "infected the entire trial," was not

4

a part of the same transaction, and worked prejudice upon them. Id. (quoting Eufrasio, 935 F.2d at 567). The Eufrasio panel held that the "RICO conspiracy charge provide[d] that required link" to satisfy the transactional standard from Rule 8. Eufrasio, 935 F.2d at 567. In exactly the same way, each of the firearms offenses charged in the second superseding indictment are alleged to be in furtherance of the drug trafficking conspiracy and the RICO conspiracy. (Doc. No. 78 ¶ 20) ("It was further part of the conspiracy that the defendants and other members and associates of the Southside enterprise would maintain a cache of firearms for use in criminal activity by Southside Street Gang members and for the defense of the Southside enterprise."); (see also id. ¶ 32(52)) ("[I]n furtherance of the racketeering conspiracy . . . [o]n February 26, 2014, [Defendant Hernandez] stored an Astra, .357 magnum revolver and crack cocaine at 623 Chestnut Street, which police recovered during a search."). As a result, the Court finds that Counts 1-3 and Counts 4-6 are properly joined under Rule 8(b).

Where joinder of offenses is proper under Rule 8(b), Federal Rule of Criminal Procedure 14 still allows defendants to move the court to sever counts based on prejudice alone. See Fed. R. Crim. P. 14(a); see also Eufrasio, 935 F.2d at 567-69 ("Rule 14 permits severance of proper Rule 8(b) joinder . . . ."). The defendant bears a heavy burden to "pinpoint clear and substantial prejudice resulting in an unfair trial." United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010). A motion to sever under Rule 14 should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Even then, Rule 14 does not necessarily require severance even when prejudice is shown, instead the rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Id. at

5

538-39.

The Court finds that the possibility of prejudice does not warrant severance of the offenses. Defendants argue that prejudice will result "due to the extraordinary complexity of the case," and the fact that the degree of culpability varies amongst defendants. (E.g., Doc. No. 446 at 8.) In addition, a defendant is not entitled to severance solely because he may have a better chance of acquittal in separate trials. See United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992). Weighing the possibility of prejudice against concerns of fact-finding and judicial economy, the Court finds that severing Counts 1-3 from Counts 4-6 is not warranted. The Court is satisfied that alternate means of avoiding prejudice, chiefly jury instructions, mitigate the risk of prejudice caused by trying the offenses together.

### B. Joinder of defendants

Defendants Schueg, Eatmon, and Hernandez argue that under Federal Rule of Criminal Procedure 14, each of them should receive individual trials severed from their co-defendants.[2] (Doc. Nos. 430 at 10; 446 at 8-9; 465 at 5-6.)

Rule 14 also provides that, to avoid prejudice, a court may sever a defendant from his or her co-defendant(s) for trial. See Fed. R. Crim. P. 14. A defendant bears a "heavy burden in gaining severance." United States v. Quintero, 38 F.3d 1317, 1343 (3d Cir. 1994). The considerations for granting severance of offenses also apply to the severance of defendants. See Irizarry, 341 F.3d at 288-89. As the Government points out, "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the full extent of the conspiracy."

---

[2] Defendants raise both Rule 8(b) and Rule 14 with regard to the joinder of offenses above, but they raise only Rule 14 with regard to the joinder of defendants. (See Doc. Nos. 430 at 9-12; 446 at 7-9; 465 at 3.)

(Doc. No. 484 at 13) (quoting United States v. Voigt, 89 F.3d 1050, 1094 (3d Cir. 1996)). The Third Circuit has enunciated certain factors for district courts to weigh when considering Rule 14 severance of defendants: "(1) What is the likelihood that co-defendants will testify? (2) What is the degree to which such testimony would be exculpatory? (3) What is the degree to which the testifying co-defendants could be impeached? (4) What is the effect on judicial economy?" United States v. Gonzalez, 918 F.2d 1129, 1137 (3d Cir. 1990).

Defendants argue that severance is proper because a joint trial precludes co-defendants from testifying, while separate trials would permit co-defendants to testify for their co-defendants in an exculpatory manner without forfeiting any privilege against self-incrimination. (E.g., Doc. No. 446 at 9.) In opposition, the Government argues that defendants have not identified any co-defendants that would exculpate them. (E.g., Doc. No. 484 at 15.) The Government argues that Defendants may not rely on the speculative exculpatory testimony of co-defendants to argue prejudice because that reliance is based on the erroneous "presumption that if severance is granted, [the moving defendants'] cases will proceed first." (Id.) In addition, the Government points out that judicial economy would be best served by a single trial. (Id. at 17.)

The Court agrees with the Government that severance of defendants should not be granted in these circumstances. Defendants are alleged to be a part of a single RICO enterprise, and evidence of the RICO enterprise is relevant to all defendants. In addition, the Court finds that given the volume of evidence to be presented, conducting multiple trials to establish the same RICO enterprise would be duplicative and unduly burdensome on judicial resources. Finally, the possibility of inconsistent verdicts weighs heavily against Defendants' motion, and as discussed above, less drastic measures may mitigate the risk of confusion or prejudice.

Accordingly, the Court will not grant Defendants' motion to sever defendants pursuant to Federal Rule of Criminal Procedure 14.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to sever will be denied. An order consistent with this memorandum follows.